**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SHAWN LEWIS,

                        Plaintiff,

        - v -                                    Civ. No. 8:17-CV-1360
                                                              (TJM/DJS)

PAULA MICHAUD, *et al.*,

                        Defendants.

**APPEARANCES:**                            **OF COUNSEL:**

SHAWN LEWIS
Plaintiff, *Pro Se*
P.O. Box 276
Hogansburg, NY 13655

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Shawn Lewis. Dkt. Nos. 1, Compl & 1-1, Suppl. in Support of Compl. Plaintiff has not paid the filing fee and has submitted two Applications to Proceed *In Forma Pauperis* ("IFP") that are substantively the same. Dkt. Nos. 2 & 5, IFP Apps. By separate Order, dated January 17, 2018, this Court granted Plaintiff's Applications to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In reviewing a *pro se* complaint, a court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Nonetheless, the court has a responsibility to determine that a claim is not frivolous before permitting it to proceed. *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) ("Section 1915(d) gives the court the power to dismiss a *pro se* complaint sua sponte if the complaint is frivolous."). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009). Indeed, a complaint cannot be maintained against a defendant who is listed in the caption, but against whom no facts are alleged in the body of the complaint. *Cipriani v. Buffardi*, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (citation omitted); *see also Casino v. Rohl*, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014).

Furthermore, a court's initial review of a complaint under § 1915(e) must encompass the applicable standards of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at \*1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at \*3 (E.D. Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at \*2 (internal quotation marks omitted).

In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

### B. Allegations Contained in Plaintiff's Complaint

At the outset, the Court notes that Plaintiff's Complaint fails to satisfy the basic pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, making it challenging to assess whether or not he has stated a viable claim for relief. *See generally*, Compl. & Suppl. in Support of Compl. From a purely form perspective, his Complaint is devoid of separate enumerated paragraphs, as required by the aforementioned rules. More troubling is the failure to enunciate in any clear manner the underlying facts of his claims for relief. Instead, the Complaint contains fifty pages of largely undivided text, consisting of lists of causes of action in rapid succession, which jumps between various time periods and events without explanation or delineation between claims. In this format, it would be far too great of a burden to require a defendant to respond.

In terms of substance, the Complaint recounts a scattered series of events in which Plaintiff contends that numerous defendants violated his and his children's constitutional rights, violated a number of statutes, and committed common law wrongs. Plaintiff's main allegations appear to be that neglect and abuse charges were improperly brought against him, and the New York State Surrogate's Court caused his children to be taken from him. Plaintiff appears to allege that the state court lacked jurisdiction over him and his children because they are Native American. He also appears to allege that he was not given notice

of those proceedings. The Complaint contains a significant number of allegations and legal theories, all seemingly related to these events. Plaintiff does not provide facts relevant to most of his claims.

Plaintiff appears to intend to allege, *inter alia*: that certain individuals perjured themselves in connection with the proceeding(s); that someone engaged in the unauthorized practice of law; that an order of protection was issued without authorization; claims for kidnapping and conspiracy; that his children were endangered; that his daughter's mental health records were improperly disclosed; violations of RICO and the Hobbs Act; that his children were sold for a profit and that someone attempted to murder them; that Plaintiff's Fourth Amendment rights were violated, and that he was falsely arrested and imprisoned; bank fraud; that Plaintiff has been defamed and discriminated against on the basis of his speech disorder; and that he has been harassed due to his race, ethnicity, or national origin. This nonexhaustive summary, however, is the Court's inference based on the totality of the Complaint, and it is not clear that this is, in fact, what Plaintiff intends to allege.

Moreover, Plaintiff names over forty defendants; however, a significant number of those individuals are not mentioned in the body of the Complaint. As such, the current Complaint cannot be maintained against those individuals. *See Cipriani v. Buffardi*, 2007 WL 607341, at *1; *Casino v. Rohl*, 2014 WL 5425501, at *6. Likewise, a number of individuals and entities are mentioned in the body of the Complaint, but are not specifically identified as defendants. *See* FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties").

As noted above, in light of the deficient format of Plaintiff's Complaint, it is impossible for this Court to assess whether a valid claim has been asserted. This is primarily because the Complaint fails to provide facts relevant to many of the claims, and does not make clear what role each defendant is alleged to have played in Plaintiff's claims, or when the events alleged occurred. In its current form, the Complaint is insufficient and should be dismissed. However, in light of his *pro se* status, prior to outright dismissal, it is my recommendation that Plaintiff be given an opportunity to amend his Complaint in order to comply with the basic pleading requirements set forth above.

The Court advises Plaintiff that should he be permitted to amend his Complaint, any amended pleading he submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of his prior Complaint shall be

incorporated into his amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendants violated a law, he should specifically make reference to such law.

### C. Plaintiff's Claims on Behalf of his Children

It appears that Plaintiff may additionally intend to assert claims on behalf of his minor children.[1] The Complaint provides, *inter alia*, "For all me and both my children Ariah Dallan emotional distress civil right violation on me and my children." Dkt. No. 1-1, at p. 7. While a litigant in federal court has the right to act as his own counsel, "[a] person who has not been admitted to the practice of law may not represent anybody other than himself." *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) (citation omitted). This rule extends to parents: "[A] parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child." *Tindall v. Pultney High School Dist.*, 414 F.3d 281, 284-85 (2d Cir. 2005).

Plaintiff does not make sufficiently clear on whose behalf many of his claims are made. I therefore recommend that, should Plaintiff be afforded the opportunity to file an Amended Complaint, he be provided time to retain counsel or to request the appointment of

---

[1] It is unclear whether Plaintiff's children are minors. The only indication regarding the children's ages contained in the Complaint is that it appears they were attending Junior High School and/or High School at the times of the events alleged. If the children are not minors or incompetent, Plaintiff may not in any event bring claims on their behalf. FED. R. CIV. P. 17.

counsel for his children.[2] Should Plaintiff not obtain counsel for his children, Plaintiff should not include any claims intended to be on his children's behalf in any Amended Complaint.

## II.  CONCLUSION

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **dismissed**, pursuant to 28 U.S.C. § 1915 for failure to state a claim; however, in light of his *pro se* status, it is further

**RECOMMENDED**, that prior to dismissing Plaintiff's Complaint in its entirety, Plaintiff be provided an opportunity to **amend** his Complaint to correct the format and expand upon the facts that would support his claim for entitlement to relief; and it is further

**RECOMMENDED**, that Plaintiff be permitted an opportunity to retain counsel or to request the appointment of counsel for his children, and that if Plaintiff does not obtain counsel for his children, he should remove all claims asserted on behalf of his minor children in any amended complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon Plaintiff.

---

[2] There is no legal right to counsel in civil cases. However, 28 U.S.C. § 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court cautions Plaintiff that while counsel may be appointed in appropriate circumstances, *see* Fed. R. Civ. P 17(c); 28 U.S.C. § 1915(e)(1), counsel is not appointed in many cases, particularly where, as here, there is not a fully developed record from which an assessment of the merits of the case can be made. *See Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986) (stating that, in determining whether to appoint counsel, the court must first determine whether the indigent's claims are likely to be of substance, and then consider a number of factors regarding the nature of the case and the indigent's abilities).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: January 17, 2018
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).